A01A0661. McCRICKARD v. THE STATE.
(549 SE2d 505)

ELDRIDGE, Judge.

A Floyd County jury found David McCrickard guilty of eight counts of child molestation and one count of statutory rape for acts McCrickard perpetrated against three minor female siblings, whose custodial parent rented a primary residence from McCrickard. He appeals, raising two enumerations of error. Finding both contentions meritless, we affirm.

Viewing only the facts pertinent to the issues raised on appeal, the record shows that, under Counts 3 and 11 of the indictment, McCrickard was charged with child molestation against victim H. M. The indictment charged that McCrickard did take and participated in the taking of nude and semi-nude photographs of victim H. M. (Count 3) and McCrickard did touch and fondle the breasts and vaginal area of victim H. M. (Count 11). At trial, testimony established

both offenses as charged under Counts 3 and 11 of the indictment. Additional evidence established that, during the same time frame specified in the indictment, McCrickard engaged in vaginal and anal intercourse with victim H. M.

Also during trial, Floyd County Police Sergeant Teri Davis testified that "[m]ost of the times they [child victims of sexual abuse] can remember an event or where it possibly happened, but it's really hard, especially over a period of time, if it's occurred more than once, if it's been repeated, for them to remember exactly the date and the time that these things happened." Davis is a nineteen-year law enforcement veteran who had spent the prior eight years as an investigator specializing in "crimes against children, physical and sexual abuse." She testified from her own experience interviewing child victims and did not specifically reference the victims in the instant case.

Following the close of evidence, the trial court charged the jury on the statutory definition of child molestation, i.e., "any immoral or indecent act to[,] or in the presence of[,] or with any child under the age of 16 years[,] with the intent to arouse or satisfy the sexual desires of either the child or the person."[1] The trial court charged the jury on the specific allegations contained in all counts of the indictment, including Counts 3 and 11. Thereafter, the court instructed the jury, "[t]he burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt." The trial court instructed the jury to consider the specific counts of the indictment when determining McCrickard's guilt or innocence and specifically charged the jury, "You're going to have the indictment. You'll have the verdict form. You can match them up together, and you make a separate verdict for each defendant that is charged in each — any of the counts." McCrickard did not request a charge limiting the jury's consideration of any evidence adduced at trial in relation to any count of the indictment. Nor did McCrickard indicate dissatisfaction with the form of the verdict as returned. Further, the record contains a question from the jury regarding continued deliberations on the specific, individual counts of the indictment, which question demonstrates that the jury considered each count as alleged and reached a verdict thereon. *Held*:

1. In his first enumeration of error, McCrickard claims that, because the evidence established that he also committed unindicted acts of vaginal and anal intercourse with victim H. M., the trial court's general charge to the jury on child molestation "opened the door for the jury to consider, and in fact convict, the Appellant for a crime not charged in the Indictment." He contends the trial court

[1] OCGA § 16-6-4 (a).

should have, sua sponte, limited consideration of this "similar transaction" evidence or, in the alternative, sua sponte informed the jury that McCrickard "was on trial *only* for the offenses alleged in the Indictment and could be convicted *only* upon the jury's finding that Appellant committed those specific acts charged in the Indictment." (Emphasis in original.) These contentions are without merit.

(a) The unindicted acts of vaginal and anal intercourse were admissible, not as "similar transaction" evidence involving independent offenses which require notice under Uniform Superior Court Rule 31.3, but as prior acts against the same victim.[2]

> [E]vidence of the defendant's prior acts toward the victim, be it a prior assault, a quarrel, or a threat, is admissible when the defendant is accused of a criminal act against the victim, as the prior acts are evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted.[3]

(b) In the absence of any request for a limiting instruction, there is no error in failing to give one.[4] "It is axiomatic that where evidence has been admitted for a limited purpose it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, *in the absence of a request to so instruct the jury.*"[5]

(c) In a claim of error such as the instant one, which essentially alleges a fatal variance between the allegata and probata, the standard for reversal is whether a *reasonable probability* exists that the jury convicted the defendant in a manner not alleged in the indictment.[6] On appeal from a criminal conviction, we view the record to uphold the verdict.[7] We do not engage in conjecture or speculation, and we do not consider possibilities or inferences based on conjecture or speculation. Accordingly, a "reasonable probability" must be based on evidence of record which makes it reasonable for this Court to find

---

[2] See *Cox v. State*, 241 Ga. App. 388 (3) (526 SE2d 887) (1999).

[3] *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998); *Hill v. State*, 243 Ga. App. 124, 125-126 (2) (532 SE2d 491) (2000).

[4] *Spearman v. State*, 267 Ga. 600, 601 (4) (481 SE2d 814) (1997).

[5] (Citations and punctuation omitted; emphasis in original.) *Thomas v. State*, 199 Ga. App. 49, 50-51 (4) (404 SE2d 315) (1991).

[6] *Thornton v. State*, 264 Ga. 563, 569 (5) (e) (449 SE2d 98) (1994); *Childs v. State*, 257 Ga. 243, 252-253 (17) (357 SE2d 48) (1987); *Gresham v. State*, 239 Ga. App. 280, 281 (521 SE2d 207) (1999).

[7] *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990); *Buffington v. State*, 228 Ga. App. 810, 811 (492 SE2d 762) (1997).

it is probable, i.e., likely, that the jury convicted the defendant in a manner not alleged in the indictment.

Here, the trial court charged the jury on the specific allegations of the indictment. The court charged the jury that the State must prove the allegations of the indictment. The evidence established the allegations of the indictment. Other than the fact that prior difficulties evidence *exists* in the record, there is nothing to indicate the jury either was confused or ignored the trial court's instructions and actually used such prior difficulties evidence to convict in a manner not alleged in the indictment. No such "reasonable probability" being affirmatively shown in this case and the evidence being sufficient to support the verdict, McCrickard's claim of error is without merit.

2. There was no error in Floyd County Police Sergeant Davis' testimony regarding the inability of child victims of repeated abuse to remember the precise dates on which such multiple acts occurred. To qualify as an expert, generally all that is required is that a person be knowledgeable in a particular matter; his special knowledge may be derived from experience as well as study, and formal education in the subject is not a requisite for expert status.[8] In this case, Davis' testimony was clearly based on her many years of experience in interviewing child victims of abuse. Thus, we find no abuse of the trial court's discretion in admitting such testimony.[9]

Moreover, the substance of the specific testimony about which McCrickard complains is that "it's really hard, especially over a period of time, if it's occurred more than once, if it's been repeated, for them [child victims] to remember exactly the date and the time that these things happened." That children (or adults, for that matter) have a hard time remembering the exact dates on which repeated incidents occurred over a period of time would appear a matter of fact as obvious to a layman as to an "expert." Accordingly, the complained-of testimony was neither an expert's conclusion nor an expert's opinion and does not warrant reversal on such basis.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED MAY 24, 2001 ▮▮▮▮▮▮▮▮▮▮▮▮

*Cook & Connelly, Bobby Lee Cook, L. Branch Connelly,* for appellant.

---

[8] *Kimbrough v. State,* 215 Ga. App. 303 (1) (450 SE2d 457) (1994).

[9] *Bevil v. State,* 220 Ga. App. 1, 2 (5) (467 SE2d 586) (1996).

*Tambra P. Colston, District Attorney, Kay A. Wetherington, Assistant District Attorney,* for appellee.