## A07A0336. ROLLE v. THE STATE.
(648 SE2d 712)

BARNES, Chief Judge.

David Rolle appeals his convictions, after a jury trial, for armed robbery, aggravated assault, possession of· a firearm during the commission of a crime, hijacking a motor vehicle, possession of a controlled substance, attempt to elude, and hit and run. He contends the trial court erred by admitting similar transaction evidence for the limited purpose of showing motive, plan, scheme, or course of conduct because the earlier crime and the one for which he was tried were not similar. We affirm.

Viewed in support of the convictions, the evidence showed that Rolle and an accomplice assaulted the victim and hijacked her car in a shopping mall parking lot. The State claimed Rolle repeatedly punched and kicked the victim, threatened to use a firearm, and stole the victim's keys and car. While escaping from the police, Rolle damaged the victim's car in a hit and run.

Nearly three years earlier, Rolle was adjudicated delinquent for assault and armed robbery in juvenile court. The juvenile court found that Rolle repeatedly beat the victim in his home with an iron rod, stole his car keys and vehicle, and subsequently damaged the car. The State sought to introduce in evidence the prior independent act, arguing it was appropriate similar transaction evidence. The trial court conducted a pre-trial hearing pursuant to *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991), and ruled that the evidence of the earlier offense was "similar enough" and thus admissible to prove Rolle's motive, plan, scheme or course of conduct.

In his sole enumeration of error, Rolle argues the trial court erred in allowing the jury to hear evidence of the prior independent act. Ordinarily, evidence of independent offenses committed by an accused is irrelevant and inadmissible in a prosecution of an accused for a particular crime. *Stephens v. State*, 261 Ga. 467, 469 (6) (405 SE2d 483) (1991). Nevertheless, "[e]vidence of similar crimes (or transactions) is admissible where its relevance to show identity, motive, plan,

scheme, bent of mind and course of conduct, outweighs its prejudicial impact." *Guyton v. State*, 206 Ga. App. 145, 145-146 (1) (424 SE2d 87) (1992).

Before such evidence can be admitted, the State must make three affirmative showings with respect to each independent offense to be introduced: (1) the evidence must be admitted for a proper purpose; (2) there must be sufficient evidence to establish the accused committed the independent act; and (3) there must be a sufficient connection or similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter. *Williams*, supra, 261 Ga. at 642 (2) (b). See also Uniform Superior Court Rule 31.3 (B). Rolle does not contend the prior independent act was brought in for an inappropriate purpose, or that he did not commit the act. Instead, he argues that the prior offense was not sufficiently similar, thus asserting the State failed to meet the third element of the *Williams* standard. Finding sufficient similarity, we disagree.

Generally, when the State offers similar transactions to prove issues such as bent of mind, motive, and course of conduct, "less similarity need be shown than when identity is sought to be proved thereby." *Daniel v. State*, 194 Ga. App. 495, 496 (391 SE2d 128) (1990). Thus, in the present case, fewer similarities are required to establish the minimum needed to establish a logical connection between the acts. *Fields v. State*, 223 Ga. App. 569, 571 (479 SE2d 393) (1996). We do not determine here the number of similarities required to meet the minimum for the sufficiency standard. Rather, such evidence may be admitted if it is "substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character." (Citation and punctuation omitted.) *Williams v. State*, 251 Ga. 749, 755 (312 SE2d 40) (1983).

In reviewing whether sufficient similarities exist to create a logical connection between the independent act and the instant act such that the former tends to prove the latter, this Court must focus on the similarities between the two acts rather than the dissimilarities. *Farley v. State*, 265 Ga. 622, 624 (2) (458 SE2d 643) (1995). Although proof of a sufficient similarity between the prior independent offense and the instant crime charged must exist, the two acts need not be carbon copies of one another to be admissible. *Smith v. State*, 264 Ga. 46 (2) (440 SE2d 188) (1994) ("[T]he independent act does not have to be identical in character to the charged offense if there is a sufficient connection between them.").

We find a sufficient connection here. In both instances, Rolle used a weapon, committed a violent and unprovoked assault, and immediately fled the scene of the offense after stealing the victim's keys and motor vehicle. See also *Cain v. State*, 268 Ga. App. 39, 41

(601 SE2d 415) (2004) (finding that a prior robbery of a motor vehicle can be admitted to show a defendant's course of conduct or bent of mind to steal cars). Although in the prior incident Rolle contended that he was sexually assaulted by the victim and he, in turn, struck the victim and stole his car in self-defense, this argument was rejected by the juvenile court. Even though Rolle was assisted by his co-defendant in the present crime and was not assisted in the prior crime, we do not find those differences sufficient to warrant a different result. Consequently, we do not find that the trial court's decision to admit the similar transaction evidence was clearly erroneous. All the evidence, therefore, was sufficient for a rational trier of fact to have found Rolle guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED JUNE 27, 2007.

*Mary Erickson,* for appellant.
*Patrick H. Head, Jr., District Attorney, Amelia G. Pray, Assistant District Attorney,* for appellee.