### A10A0396. FOGERTY v. THE STATE.
(696 SE2d 496)

BARNES, Presiding Judge.

A jury found Robert Wayne Fogerty guilty of three counts of child molestation and one count of aggravated child molestation. Fogerty appeals, challenging the sufficiency of the evidence. He also argues that jurors may have improperly found him guilty of acts not charged in the indictment. For reasons that follow, we affirm.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. See *Vaughn v. State,* 301 Ga. App. 391 (687 SE2d 651) (2009). We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the evidence was sufficient to find the defendant guilty beyond a reasonable doubt. Id.

So viewed, the evidence shows that in December 2006, 11-year-old H. H. confided to a school counselor that Fogerty, her ex-stepfather, had been touching her inappropriately for several years. The counselor reported the conversation to H. H.'s mother, who stated that she did not believe her daughter and that although she and Fogerty were divorced, they were trying to reconcile. The counselor then informed the Department of Family and Children Services ("DFCS") about the outcry.

During an interview with a DFCS investigator, H. H. indicated that the molestation began when she was seven or eight years old. She told the investigator that at various times over a four-year period, Fogerty kissed her breasts, placed his mouth on her vagina, placed her hand on his penis, and slightly penetrated her vagina with

his penis. He also showed her pornography. H. H. offered similar testimony at trial, stating that Fogerty kissed her on the mouth many times, fondled her breasts, licked her vagina and touched it with his fingers, rubbed his penis against her vagina, and placed her mouth on his penis.

The State charged Fogerty with three counts of child molestation, alleging that he molested H. H. by touching her vagina, fondling her breasts, and having H. H. touch his penis. It also alleged that he committed aggravated child molestation by placing his mouth on H. H.'s vagina. The jury found Fogerty guilty of each charge. Given the evidence presented, including H. H.'s trial testimony, the evidence was sufficient to sustain these verdicts. See OCGA § 16-6-4 (a), (c) (defining child molestation and aggravated child molestation); see also *Vaughn*, supra at 392 (testimony of victim, standing alone, was sufficient to prove child molestation). Although Fogerty challenges H. H.'s motives and credibility on appeal, the jury, not this Court, is tasked with determining witness credibility, and it was authorized to resolve any credibility issues against Fogerty. Id.

2. Fogerty claims that the trial court erred in failing to limit the jury's deliberations to the conduct alleged in the indictment. Pointing to H. H.'s testimony regarding other inappropriate, but unindicted, acts, Fogerty argues that the jury may have found him guilty of conduct with which he was not charged, resulting in a fatal variance. In reviewing this type of claim, we must consider whether there is a reasonable probability that the jury found the defendant guilty of uncharged conduct. *McCrickard v. State*, 249 Ga. App. 715, 717 (1) (c) (549 SE2d 505) (2001). A fatal variance and reversal only result if "it is probable, i.e., likely, that the jury convicted the defendant in a manner not alleged in the indictment." Id. at 717-718.

As noted by Fogerty, the trial court did not read the contents of the indictment to the jury. But it provided jurors with a copy of the indictment for use during deliberations. And in its preliminary charge, the trial court informed the jury that the State was "required to prove every material allegation of the indictment and every essential element of the crimes charged in the indictment beyond a reasonable doubt." It further explained that the indictment is "the document which contains the charges against Mr. Fogerty . . . and it really constitutes the issue which you are all about to try in this case." The trial court reiterated these instructions following the close of evidence, stating that the indictment reflected the charges against Fogerty and that "[n]o person shall be convicted of any crime unless each element of that crime as charged in the indictment is proven beyond a reasonable doubt." At another point, the trial court instructed that the jury was "authorized to convict" if it found

beyond a reasonable doubt that Fogerty was guilty of the counts set forth in the indictment.

Through these instructions, the trial court informed the jury that its focus and ultimate decision should be based on the criminal conduct alleged in the indictment. Nothing indicates that jurors ignored the trial court's instructions or found Fogerty guilty based on other, uncharged conduct. Accordingly, because the record does not demonstrate a reasonable probability that the jury "convicted [Fogerty] in a manner not alleged in the indictment," this claim of error lacks merit. *McCrickard*, supra at 718.

*Judgment affirmed. Blackburn and Bernes, JJ., concur.*

DECIDED JUNE 22, 2010.

*Sheueli C. Wang*, for appellant.
*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney*, for appellee.