A11A0423. SANDS v. THE STATE.
(716 SE2d 225)

SMITH, Presiding Judge.

Antonio Andrette Sands was charged with eleven counts of various sexual offenses against four boys. A jury found him guilty on all counts, his amended motion for new trial was denied, and he appeals. In three enumerations of error, he asserts the general grounds, complains of the introduction of a similar transaction, and contends the trial court erred in admitting a videotaped forensic interview of one of the victims. Finding no error, we affirm.

1. We first address the general grounds. Sands's enumeration of error complains only that "[t]he conviction of the Defendant of the crime of Sexual Battery is not supported by adequate evidence to overcome the presumption of his innocence by proof beyond a reasonable doubt." In his argument, he goes beyond the single count of aggravated sexual battery to argue that the evidence was insufficient on all counts, but cites no legal authority in his perfunctory, two-page argument. Court of Appeals Rule 25 (a).

Regardless, we find the evidence sufficient to uphold the convictions on all counts under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accord *Hammontree v. State*, 283 Ga. App. 736, 737 (1) (642 SE2d 412) (2007) (victim's testimony alone sufficient to sustain conviction for child molestation). The entire argument on appeal consists of Sands's assertions that the victims were "troubled" and "known to tell lies." But "on appeal, the jury, not this Court, is tasked with determining witness credibility, and it was authorized to resolve any credibility issues against" Sands. (Citation omitted.) *Fogerty v. State*,

304 Ga. App. 546, 547 (1) (696 SE2d 496) (2010).

2. Sands next complains that the trial court erred in admitting the similar transaction testimony of another adolescent boy. Sands argues that his sexual contact with this seventeen-year-old male was "sex between two mutually consenting adults" and was therefore insufficiently similar to the offenses charged, which involved the molestation of boys aged eleven, thirteen, thirteen, and eight. But the similar transaction victim testified that he was not a willing participant and that he hid in the bathroom and called his father after Sands attempted to rape him anally, and that he then fled the house and called 911.

"In reviewing whether sufficient similarities exist to create a logical connection between the independent act and the instant act such that the former tends to prove the latter, this Court must focus on the similarities between the two acts rather than the dissimilarities." *Rolle v. State*, 286 Ga. App. 191, 192 (648 SE2d 712) (2007). We find such similarities here. After Sands took over the pastorship of a small evangelical church, he befriended male adolescent children from his congregation who were living in homes with challenging circumstances. He offered to "mentor" them, in one case telling the congregation that "God told him that he needs to be a mentor" to a boy. After establishing a relationship, he took the boys to his home or to the homes of other members of the congregation and molested them, including various acts of sodomy. The conduct with the similar transaction witness followed this pattern of behavior, although this witness was not a church member but came in contact with Sands when Sands offered him a ride in his van, told him about the church, and invited him to a church job fair in Florida.

"[T]his court has held that the sexual molestation of young children or teenagers, regardless of the type of act, is sufficiently similar to be admissible as similar transaction evidence." (Citation and footnote omitted.) *Williams v. State*, 263 Ga. App. 22, 24 (2) (587 SE2d 187) (2003). "Here, the similarities between the present offense and similar transaction were numerous and obvious; therefore, the difference in the victims' ages does not make the similar transaction inadmissible." (Citations omitted.) *Kingsley v. State*, 268 Ga. App. 729, 730 (1) (603 SE2d 78) (2004) (similar transaction committed against adult admissible in child molestation prosecution). The trial court did not abuse its discretion in admitting the similar transaction evidence. Id.

3. Finally, Sands complains of the admission of a videotaped statement of one of the victims, who was 12 years old when interviewed and 13 when he testified at trial. Contrary to Sands's assertion, the victim's prior consistent statements to others are not inadmissible hearsay, for two reasons.

First, the victim's statement is admissible under the Child Hearsay Statute, OCGA § 24-3-16, which "actually contemplates testimony from both the child and those witnessing the child's later reaction, even if the hearsay may be 'bolstering.' Any bolstering can be explored by defendant in cross-examination." (Citation, punctuation and footnote omitted.) *Bell v. State*, 294 Ga. App. 779, 781 (4) (670 SE2d 476) (2008). See also *Fiek v. State*, 266 Ga. App. 523, 525 (1) (597 SE2d 585) (2004) (trial court did not abuse discretion in admitting videotaped interviews of child victims).

Second, the victim's statement is also admissible as a prior consistent statement under *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). Sands relies heavily on *Duggan v. State*, 285 Ga. 363 (677 SE2d 92) (2009), which enunciates the requirements for admission of a prior consistent statement:

> A witness's prior consistent statement is admissible only where: (1) the veracity of a witness's trial testimony has been placed in issue at trial; (2) the witness is present at trial; and (3) the witness is available for cross-examination. A witness's veracity is placed in issue so as to permit the introduction of a prior consistent statement if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross-examination. Even then, to be admissible to refute the allegation of recent fabrication, improper influence, or improper motive, the prior statement must predate the alleged fabrication, influence, or motive.

(Citations, punctuation and footnotes omitted.) Id. at 366 (2). Sands contends that *none* of these circumstances was shown. We disagree.

Sands raised this contention below, and the trial court conducted an admirably thorough review of the factors enunciated in *Duggan*. The victim testified and was subjected to a vigorous cross-examination in which Sands's counsel attacked his veracity by bringing forward instances of lies and false accusations. And counsel's trial strategy was to accuse all of the victims and their families of lying and engaging in a conspiracy against Sands because of dissension in the church.[1] This victim's veracity was directly

---

[1] Sands argues that, because "recent fabrication, improper influence, or improper motive" were not expressly raised by the cross-examination of the victim, he has not placed the victim's credibility in issue. We agree with the trial court that Sands cannot avoid the plain intent of his cross-examination: to show that, because the victim had lied and made false accusations in the past, he was lying and making a false accusation in this case. See *Brown v. State*, 310 Ga. App. 835, 838 (1) (b) (714 SE2d 395) (2011).

attacked, and his prior consistent statement predated any opportunity to participate in the conspiracy alleged by Sands. The trial court did not abuse its discretion in admitting the victim's prior consistent statement.

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

DECIDED JULY 7, 2011 —
RECONSIDERATION DENIED JULY 27, 2011.

*Sheri L. Smith*, for appellant.
*Kenneth W. Mauldin, District Attorney, Jon R. Forwood, Assistant District Attorney*, for appellee.