## A11A1587. RUDOLPH v. THE STATE.
(721 SE2d 625)

MILLER, Presiding Judge.

Following a jury trial, Rajkumar Rudolph was found guilty of statutory rape (OCGA § 16-6-3 (a)), aggravated sexual battery (OCGA § 16-6-22.2 (b)), aggravated child molestation (OCGA § 16-6-4 (c)), child molestation (OCGA § 16-6-4 (a)), and burglary (OCGA § 16-7-1 (a)). Rudolph appeals from the denial of his motion for new trial, contending that his trial counsel was ineffective for failing to call two witnesses who would have undermined the victim's trial testimony, for failing to properly consult him about his right to testify, and incorrectly informing the trial court that he did not want to testify. We discern no error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence." (Citation and punctuation omitted.) *Fogerty v. State*, 304 Ga. App. 546 (1) (696 SE2d 496)

(2010). So viewed, Rudolph developed a relationship with his friend's 12-year-old daughter, A. H., and showered her with gifts, including a cell phone. Over the course of several months, Rudolph and A. H. called and exchanged text messages with each other, which eventually turned sexual in nature. On November 15, 2007, Rudolph entered A. H.'s house without permission or authority. Upon seeing A. H. upstairs, Rudolph approached her, took off his pants, and placed A. H. on the floor. Rudolph then kissed A. H. on her breasts and vagina, inserted a finger into her vagina, and had sexual intercourse with her against her will.

1. Rudolph contends that his trial counsel was ineffective for failing to call his two sons to testify at trial, because their testimony would have impeached the victim's testimony that she had numerous phone conversations with Rudolph.

To prevail on a claim of ineffective assistance of counsel, Rudolph must show both that trial counsel's performance was deficient and that the deficient performance was prejudicial to his defense. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984); *Aaron v. State*, 275 Ga. App. 269, 271 (4) (620 SE2d 499) (2005). We accept the trial court's factual findings, unless clearly erroneous, and we review de novo the lower court's legal conclusions. *Boatright v. State*, 308 Ga. App. 266, 267 (1) (707 SE2d 158) (2011).

It is well established that the decision as to which defense witness to call is a matter of trial strategy and tactics, and that tactical errors in that regard will not constitute ineffective assistance of counsel unless those errors are unreasonable ones no competent attorney would have made under similar circumstances.

(Citations and punctuation omitted.) *Hubbard v. State*, 285 Ga. 791, 794 (3) (683 SE2d 602) (2009).

At the hearing regarding Rudolph's motion for new trial, his two sons testified that A. H. had a crush on one of Rudolph's sons, and that A. H. often called Rudolph when she was searching for the son. The older son testified that, because his cell phone was broken during the relevant period, he often talked to A. H. using telephones belonging to other family members, including those belonging to Rudolph. To the contrary, however, the younger son stated that his older brother's cell phone was working during that time. Trial counsel stated that he would not have called the two sons to testify given these inconsistencies, because his credibility with the jury would have been damaged. Under the circumstances, trial counsel's decision not to call Rudolph's sons was not deficient. *See Hubbard*,

supra, 285 Ga. at 794 (3).

Further, even if Rudolph's sons had testified at trial, Rudolph has not demonstrated that there is a reasonable probability that the outcome of the trial would have been different. While the testimony of the sons may have indicated that A. H. had a relationship with Rudolph's son, it did not directly bear on the sexual acts that A. H. stated Rudolph performed on her. See *Penaranda v. State*, 203 Ga. App. 740, 744 (4) (e) (417 SE2d 683) (1992) (holding that trial counsel was not ineffective for failing to call the victim's babysitter, because the babysitter's testimony did not relate to the sexual act alleged by the victim). As a result, Rudolph has not established that his counsel was ineffective.

2. Rudolph also contends that his trial counsel was ineffective for failing to advise him about his right to testify, and for incorrectly advising the court that Rudolph did not want to testify. Rudolph admitted that he had a conversation with trial counsel about testifying well before his trial, and that trial counsel advised him not to testify. Rudolph claims that counsel failed to have another conversation with him at trial. Trial counsel stated that he remembered the trial court discussing with Rudolph whether he wanted to testify at trial, and the trial transcript confirms the same. In particular, the trial court advised Rudolph to talk to his attorney about whether he should testify, and while there is no record of this discussion, trial counsel stated that he was certain that he had this conversation with Rudolph, because the court suggested that he do so. Based on his common practice, trial counsel stated that he would have directed Rudolph not to testify, but would have made it clear that it was ultimately Rudolph's decision. See *Bazemore v. State*, 273 Ga. 160, 162 (1) (535 SE2d 760) (2000) ("Certainly, evidence of a routine or standard practice or procedure can be used in demonstrating compliance with constitutional standards.") (citation omitted). Although Rudolph claims that his testimony proves otherwise, "it is the function of the trial court at the hearing on the motion for new trial to determine witness credibility and to resolve conflicts in the testimony." (Citation omitted.) *Mobley v. State*, 264 Ga. 854, 856 (2) (452 SE2d 500) (1995). Here, the trial court chose to credit trial counsel's testimony that counsel discussed with Rudolph his right to testify, and we have no power to overturn that credibility determination. See *Huff v. State*, 271 Ga. App. 553 (610 SE2d 177) (2005).

In any event, Rudolph has not shown that there is any likelihood that the outcome of the trial would have been different if he had testified at trial. At the hearing on the motion for new trial, Rudolph did not present any evidence as to what the content of his testimony would have been had he testified at trial, and therefore, he failed to

demonstrate ineffective assistance of counsel. See *Brown v. State*, 288 Ga. App. 671, 672 (1) (a), (b) (655 SE2d 287) (2007). Moreover, trial counsel testified that Rudolph had privately admitted that he committed the conduct for which he was charged, and trial counsel stated that he was concerned about having Rudolph testify because he did not want to present perjured testimony. "As trial counsel is precluded from assisting his client in presenting perjured testimony, we reject [Rudolph's] claim that his attorney was ineffective" for advising him to not testify. (Punctuation and footnote omitted.) *Grooms v. State*, 261 Ga. App. 549, 551 (3) (a) (583 SE2d 216) (2003). Based on the foregoing, Rudolph's ineffective assistance of counsel claim fails.

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED DECEMBER 19, 2011.

*Sharon L. Hopkins*, for appellant.

*Daniel J. Porter, District Attorney, Richard A. Vandever, Assistant District Attorney*, for appellee.