In the Supreme Court of Georgia

Decided: September 14, 2015

S15A1041. WILLIAMS v. RUDOLPH.

MELTON, Justice.

Following the partial grant of Rajkumar Rudolph's petition for a writ of habeas corpus, Stanley Williams, in his capacity as Warden, appeals, contending that the trial court erred by finding that Rudolph had received ineffective assistance of appellate counsel. Specifically, the habeas court found that Rudolph was harmed by appellate counsel's failure to challenge the trial court's decision to charge Rudolph's jury with the crime of statutory rape as a lesser included offense of rape. For the reasons set forth below, we reverse.

As set forth in Rudolph's prior direct appeal, the underlying facts of this case are as follows:

> Rudolph developed a relationship with his friend's 12–year–old daughter, A.H., and showered her with gifts, including a cell phone. Over the course of several months, Rudolph and A.H. called and exchanged text messages with each other, which eventually turned sexual in nature. On November 15, 2007, Rudolph entered A.H.'s house without permission or authority. Upon seeing A.H. upstairs,

Rudolph approached her, took off his pants, and placed A.H. on the floor. Rudolph then kissed A.H. on her breasts and vagina, inserted a finger into her vagina, and had sexual intercourse with her against her will.

Rudolph v. State, 313 Ga. App. 411, 412 (721 SE2d 625) (2011).

At the close of Rudolph's jury trial, the trial court, acting sua sponte, decided to charge the jury on statutory rape as a lesser included offense of rape. Rudolph had not been indicted for statutory rape. Ultimately, Rudolph was acquitted of forcible rape and found guilty of statutory rape, aggravated sexual battery, aggravated child molestation, child molestation, and burglary. Rudolph appealed, and the Court of Appeals affirmed his conviction. Id. Thereafter, as is pertinent here, Rudolph filed a habeas action, arguing that his appellate counsel performed deficiently in four different ways. On August 7, 2014, the habeas court issued a final order granting partial relief and vacating Rudolph's conviction for statutory rape, but denying relief as to the other convictions and sentences. The habeas court found that appellate counsel was ineffective for failing to challenge the trial court's decision to give a jury instruction on statutory rape as a lesser included offense of rape. Trial counsel had objected to the instruction, but appellate counsel did not enumerate the giving of the

instruction as error on appeal. This ruling by the habeas court was erroneous.

In order to prevail on his claim, Rudolph

must show that his appellate lawyer rendered deficient performance and that actual prejudice resulted. Strickland v. Washington, 466 U.S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984); Battles v. Chapman, 269 Ga. 702 (506 SE2d 838) (1998); Smith v. Francis, 253 Ga. 782, 783-784 (1) (325 SE2d 362) (1985). With respect to the performance prong, counsel on appeal is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, supra, 466 U.S. at 690. Because counsel's performance is considered in light of the circumstances surrounding the representation, reference to hindsight is inappropriate in judging counsel's performance. Id. at 689-690. . . In order to find actual prejudice, a court must conclude that "there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different [cit.]." Smith v. Francis, supra, 253 Ga. at 783 (1). An ineffective assistance claim presents a mixed question of fact and law, and we accept the habeas court's findings of fact unless clearly erroneous but independently apply those facts to the law. Strickland v. Washington, supra, 466 U.S. at 698; Lajara v. State, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993).

Head v. Ferrell, 274 Ga. 399, 403-404 (V) (554 SE2d 155) (2001).

At the time of Rudolph's trial, there was Georgia precedent holding that, under certain circumstances, statutory rape might be an included offense in forcible rape as a matter of fact, even if not always included as a matter of law.

Hill v. State, 295 Ga. App. 360 (2) (671 SE2d 853) (2008). This remained the law at the time that Rudolph's direct appeal was filed and at the time that the appeal was decided at the Court of Appeals in 2011. In 2012, before Rudolph's present habeas action, the Court of Appeals reversed its course, expressly overruled Hill and held that statutory rape may never be included in forcible rape, as a matter of fact or law. Stuart v. State, 318 Ga. App. 839 (734 SE2d 814) (2012). Based on Stuart, Rudolph argued in his habeas action that his due process rights had been violated[1] when he was convicted for statutory rape because he had not been indicted for that crime and it was never an included crime of forcible rape. The trial court agreed with this argument.

Pretermitting the question of Stuart's propriety, at the time that appellate counsel handled Rudolph's appeal, Stuart had not yet been decided.

> In making litigation decisions, there is no general duty on the part of defense counsel to anticipate changes in the law, and only in a rare case would it be ineffective assistance by a trial attorney not to make an objection that would be overruled under prevailing law.

---

[1] Since Rudolph was required to frame his argument as the denial of a constitutional right, as habeas corpus is limited to the correction of such an error, Rudolph based his claim below on ineffective assistance of counsel. See OCGA § 9–14–42 (a). Cf. Hill v. Williams, 296 Ga. 753 (770 SE2d 800) (2015) (habeas corpus action premised on a stand-alone due process claim).

Although this Court has held that a new decision applies to the admission of evidence in cases pending on direct review at the time that opinion was issued, that does not alter the long-standing precedent that, when addressing a claim of ineffectiveness of counsel, the reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial. Thus, a new decision does not apply in a manner that would require counsel to argue beyond existing precedent and anticipate the substance of the opinion before it was issued.

(Citations and punctuation omitted.) Perera v. State, 295 Ga. 880, 885-886 (2) (d) (763 SE2d 687) (2014).

The habeas court's order, due to its reliance on Stuart, addresses the claim of ineffective assistance from a perspective and state of the law *after* Rudolph's appeal had already been decided. This perspective would require Rudolph's appellate counsel to argue beyond existing precedent at the time of his appeal; however, there is no requirement for an attorney to prognosticate future law in order to render effective representation. At the time of Rudolph's appeal, there was caselaw indicating that statutory rape could be a lesser included offense of forcible rape as a matter of fact. Therefore, examining appellate counsel's perspective at the time of Rudolph's appeal, it was not unreasonable for her not to challenge the trial court's decision to charge Rudolph's jury on the crime of statutory rape. Perera, supra. Moreover, at the time of Rudolph's trial and

5

appeal, the law was well-settled that statutory rape could be a lesser included offense of aggravated child molestation premised on sexual intercourse with a child under the age of sixteen.[2] See Andrews v. State, 200 Ga. App. 47, 47–48 (1) (406 SE2d 801) (1991) (holding that statutory rape was included as a matter of fact in aggravated child molestation where both crimes were premised on "a single act of sexual intercourse with the five-year-old victim"). Accordingly, the habeas court's grant of Rudolph's writ of habeas corpus must be reversed, and Rudolph's conviction for statutory rape must be reinstated.

Judgment reversed. All the Justices concur.

---

[2] Rudolph was indicted for aggravated child molestation on the basis that he "did then and there unlawfully perform an immoral and indecent act upon the person of [AH], a child under the age of sixteen years, by penetrating her vagina."