## A03A1150. MADDOX v. THE STATE.
(588 SE2d 305)

MILLER, Judge.

Anthony Maddox was convicted on three counts of child molestation and three counts of aggravated child molestation. On appeal he contends that (1) the evidence presented at trial was insufficient to sustain his convictions, and that (2) his trial counsel was ineffective. We find that the evidence was sufficient to sustain the convictions and that evidence supported the finding that Maddox's trial counsel was effective, and we therefore affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that in February 1997, Maddox was at home playing with his live-in girlfriend's ten-year-old daughter, N. S., when he got on top of N. S., placed his hand under her shirt, and rubbed her breasts. N. S. told her mother about the incident, but when the mother spoke with Maddox about it, he claimed that the incident had occurred by mistake.

Maddox was at home alone with N. S. on her eleventh birthday in June 1997, and he told N. S. on that day that he wanted to give her

a birthday present. N. S. entered a bedroom where she witnessed Maddox with his pants unzipped and his penis exposed. Maddox got on top of N. S. and rubbed his penis against her. He then turned her over and continued to rub his penis against her. He only stopped when someone came to the house and rang the doorbell.

That same night, Maddox put his penis and his hand between N. S.'s legs while she was trying to sleep in her mother's bed. He then took N. S. to her room, where he placed his penis into her mouth and then had anal sex with her until he ejaculated. Maddox had anal sex with N. S. on at least two other occasions that summer.

There were also further incidents of Maddox kissing and touching N. S. inappropriately. On one of these occasions, Maddox was polishing N. S.'s nails and then started kissing her. He then ordered N. S. to pull down her panties, and he touched her vagina. On another occasion, he kissed N. S. while he was naked. After kissing her, he made N. S. pull down her panties, and then he rubbed his penis against her vagina until he ejaculated.

In June, N. S. told a neighbor about Maddox touching her inappropriately. N. S. also told the police that Maddox had forced her to have sex with him. In addition, Maddox himself admitted to his sister, N. S.'s mother, the mother's sister, and police that on one occasion N. S. had performed oral sex on him and that he had had anal sex with her, but he claimed that the incidents occurred by accident because (1) eleven-year-old N. S. had initiated the encounter, and (2) Maddox mistakenly thought that N. S. was actually N. S.'s mother at the time of the encounter because he was sleepy when it happened.

N. S.'s mother took her to see several doctors, one of whom discovered what appeared to be the beginning stages of herpes and another discovered signs of a lax sphincter. N. S. also saw a child psychiatrist, and she told the psychiatrist about Maddox's repeated sexual encounters with her from February to July 1997.

Maddox called N. S. after he was arrested, and he explained to N. S. that he had hurt her because she was mature for her age, and because he needed help. He further explained to N. S.'s younger sister that he did not get involved with her because she was not as mature as N. S. and she was too little to handle the pain.

Maddox was convicted on three counts of child molestation and three counts of aggravated child molestation, and following the denial of his motion for new trial, Maddox appeals.

1. Maddox contends that the evidence presented at trial was insufficient to sustain his convictions. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or

determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Here, the evidence revealed that Maddox had repeated sexual encounters with N. S. over the course of several months and had anal sex with the child on at least three occasions. He further admitted to incidents involving anal and oral sex with the victim. Every argument that Maddox raises to challenge the sufficiency of the evidence goes to the credibility of witnesses or the weight of the evidence, which on appeal we do not evaluate. Ample evidence sustained the convictions for child molestation and aggravated child molestation. See OCGA § 16-6-4 (a), (c).

2. Maddox argues that his trial counsel was ineffective on 11 separate grounds. However, we find all of his arguments to be without merit.

To prove ineffective assistance, Maddox was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993). Here, evidence supported the trial court's finding that Maddox did not meet his burden of showing deficient performance or prejudice based on his counsel's actions.

We have carefully reviewed the trial transcript and the motion for new trial transcript and have determined that ample evidence supported the trial court's finding that Maddox did not carry his burden of proving ineffective assistance. All of Maddox's arguments alleging ineffective assistance involve either (1) strategic decisions of his trial counsel or (2) actions that resulted in no harm to Maddox. With respect to the strategic decisions, as in *Esquivel v. State*, 236 Ga. App. 325, 326 (512 SE2d 61) (1999), we find it unnecessary to address specifically and individually each and every one of Maddox's numerous instances of challenged trial tactics. It is sufficient to say that the decisions on which witnesses to call, how to conduct cross-examinations, and what objections to make are strategic and tactical decisions that, after thorough investigation and client consultation, are virtually unchallengeable and do not amount to ineffective assistance. See *Schwindler v. State*, 254 Ga. App. 579, 588-589 (10) (563 SE2d 154) (2002). In addition, the actions of Maddox's trial counsel that resulted in no harm to Maddox do not provide any basis for a finding of ineffective assistance. See *Peterson v. State*, 253 Ga. App. 390, 394 (5) (a) (559 SE2d 126) (2002) (no ineffective assistance

where same evidence allegedly omitted based on counsel's actions is otherwise elicited at trial); *Smart v. State*, 253 Ga. App. 649, 656 (10) (c) (560 SE2d 92) (2002) (trial counsel's failure to present cumulative evidence does not amount to ineffective assistance).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED OCTOBER 2, 2003.

*Bunn, Byrd, Newsom & Hix, Donna S. Hix,* for appellant.

*J. Gray Conger, District Attorney, Julia A. Slater, Roger H. Anderson, Assistant District Attorneys,* for appellee.