A04A2049. PAYNE v. THE STATE.
(605 SE2d 75)

ELDRIDGE, Judge.

Following a jury trial, Arthur Payne was found guilty of aggravated child molestation (Count 1) and child molestation (Count 2). Payne appeals from the judgment of conviction and the sentence entered thereon. In his sole enumeration of error, Payne challenges the sufficiency of the evidence. Finding no error, we affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*[, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)]. Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even

---

[10] *Harden v. State*, 239 Ga. App. 700, 702 (3) (521 SE2d 829) (1999).

though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

(Footnotes omitted.) *Phagan v. State*, 243 Ga. App. 568, 569-570 (2) (533 SE2d 757) (2000).

Payne was charged in Count 1 with aggravated child molestation for an act of sodomy in that he "touched [the victim's] anus with his penis with the intent to arouse and satisfy the sexual desires of the accused." Count 2 charged Payne with child molestation by "grabbing [the victim's] buttocks with his hand with the intent to arouse and satisfy the sexual desires of the accused." The evidence in the light most favorable to the verdict showed that Payne lived with the victim, her siblings, and her mother. The victim, who was ten years old at the time of trial, testified that one day when her mother was at work and her oldest brother was out, Payne called her into the bedroom he shared with her mother, shut and locked the bedroom door, pushed her onto the bed so that she was lying with her stomach on the mattress, took her pants off, placed his penis on her "bottom," and made "moving" motions. Upon her oldest brother's return, the victim made an outcry to both of her brothers, even though Payne had threatened to harm her family if she told. The victim's oldest brother immediately contacted the mother at work, and the police were called. The victim further testified to a previous occasion when Payne came into her bedroom during the night and attempted to touch her in an inappropriate manner.

Detective J. D. Smith of the Gwinnett County Police Department testified that he interviewed the victim and her two brothers separately. Detective Smith testified that the victim told him that Payne called her into the bedroom, grabbed her buttocks, took off her pants, pushed her face down onto the bed, and tried to insert his penis into her anus. The victim's statement to Detective Smith was recorded on an audiotape and played for the jury.

Later that day, the victim was examined by Holly West, a certified sexual assault nurse examiner. West testified that the victim stated to her that Payne had called her upstairs to his bedroom, threw her on the bed so that she was lying on her stomach, placed lotion or some similar substance on his penis, and placed his penis into her bottom. West testified that upon examination she found that the victim had friability, or small tissue tears with a spoke-like pattern, in one area of the anus. West further testified that the tissue around the anus was red as opposed to its normally pink color. Additionally,

West testified that these types of injuries would heal within a 48-hour period and that her medical findings were consistent with the victim's allegations of abuse.

Considering the evidence in the light most favorable to the jury's verdict, sufficient evidence was presented to authorize the jury to find Payne guilty of aggravated child molestation and child molestation. Although the acts of aggravated child molestation and child molestation occurred on the same day and at the same time and place, they did not merge. There was testimony at trial from the victim, and from Detective Smith and West relating the victim's statements to them, that Payne placed his penis on the victim's anus thereby proving the aggravated child molestation charge. At trial, even though the victim did not testify to Payne grabbing her buttocks, Detective Smith testified that the victim told him that Payne grabbed her buttocks **before** Payne threw her onto the bed and touched her anus with his penis, thereby proving the child molestation charge. None of the evidence supporting each of these charges was "used up" in proving the other charge. See *Rudisail v. State*, 265 Ga. App. 293, 295 (2) (593 SE2d 747) (2004); *Minter v. State*, 245 Ga. App. 327, 329-330 (2), (4) (537 SE2d 769) (2000).

Payne argues that the evidence was insufficient to support a finding that he had committed such acts with the intent to arouse and satisfy his sexual desires.

> But it is well recognized that "whether the requisite intent for child molestation [and aggravated child molestation] existed was a question of fact, to be determined by the jury after considering all the circumstances surrounding the acts of which the accused is charged, including words, conduct, demeanor, and motive." (Citation and punctuation omitted.) *McGarity v. State*, 224 Ga. App. 302, 304 (2) (480 SE2d 319) (1997).

*Jowers v. State*, 245 Ga. App. 773 (1) (538 SE2d 853) (2000). Here, there was sufficient evidence for a jury to find that Payne committed the acts at issue to satisfy his own sexual desires.

Payne's additional arguments address conflicts in testimony and the victim's reluctance to answer questions and, as such, go to the weight to be given to such evidence, which is solely in the province of the jury and does not provide a basis for reversal on appeal. See *Maddox v. State*, 263 Ga. App. 507, 509 (1) (588 SE2d 305) (2003).

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 17, 2004.

*Sharon L. Hopkins*, for appellant.

*Daniel J. Porter, District Attorney, Tracie J. Hobbs, Assistant District Attorney*, for appellee.