## A07A1652. SHAH v. THE STATE.
(655 SE2d 347)

RUFFIN, Judge.

Following a bench trial, the trial court found Sachin Shah not guilty of driving with an unlawful alcohol concentration ("per se DUI"), and convicted him on three other charges. Thereafter, the trial court granted a new trial, and Shah filed a plea in bar, contending that double jeopardy precluded his retrial for the per se DUI charge. The trial court denied his double jeopardy plea, and Shah appeals. For reasons that follow, we reverse.

Shah was charged with driving under the influence of alcohol to the extent that he was less safe to drive ("DUI less safe"), per se DUI, improper lane change, and operating a vehicle bearing an improper tag. At trial, the arresting officer testified that he observed Shah change lanes multiple times without using his turn signal and that the tag on Shah's vehicle was improper. After being stopped, Shah smelled of alcohol, had slurred speech, was unable to walk without support, and admitted that he had been drinking. He also failed the field sobriety tests administered by the officer. Although Shah took an intoxilyzer test, the results were not admitted at trial after defense counsel objected to their admission on the grounds that the State had failed to satisfy the foundational requirements.[1]

Shah moved for a directed verdict of acquittal as to the per se DUI charge based upon the State's failure to present any evidence regarding his alcohol concentration level, and the State conceded the issue; the trial court did not rule on the motion at that time.[2] After the close of the evidence, the trial court found Shah not guilty as to the per se DUI charge, and guilty as to the other three charges. Thereafter, the trial court granted a new trial on the basis that Shah's waiver of his right to a jury trial was not knowing and voluntary. The trial court denied Shah's subsequent plea of double jeopardy, concluding that the State could retry him on the per se DUI charge because "the grant of the new trial . . . was not due to trial error, nor any inappropriate conduct on the part of the prosecution, nor based on the insufficiency of [the] evidence." On appeal, Shah contends that the trial court erred in denying his plea in bar. We agree.

" 'The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its

---

[1] The officer who performed the test did not testify, and the State failed to submit evidence that the machine was in good working order.

[2] The trial court initially announced its verdict after the motion for acquittal. However, after counsel advised that the defendant had not yet presented his case, the trial court permitted Shah to present evidence and announced the final verdict thereafter.

conclusion.' "[3] In its order, the trial court correctly noted that, as a general rule, a *post-conviction* grant of a motion for new trial or reversal which is not based on evidentiary insufficiency does not preclude retrial.[4] Here, however, the State failed to present any evidence of Shah's alcohol concentration level, and the court properly found him not guilty of per se DUI.[5]

It is axiomatic that "[t]he Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal."[6] Thus, "[w]here a verdict in a criminal case is in legal effect an acquittal, the accused cannot be [tried again] for the same offense, even though a new trial be granted upon his own motion."[7]

Because the trial court's grant of a new trial stemmed from trial error, Shah can be retried for the three counts for which he was convicted.[8] However, double jeopardy bars the State from retrying him for per se DUI — as he was adjudged not guilty of that charge based upon insufficiency of the evidence — and thus, the trial court erred in denying Shah's plea in bar.[9]

*Judgment reversed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED DECEMBER 6, 2007.

*Head, Thomas, Webb & Willis, Jackie G. Patterson*, for appellant. *Robert D. James, Jr., Solicitor-General, Karla R. Williams, Assistant Solicitor-General*, for appellee.

---

[3] *State v. Aycock*, 283 Ga. App. 876, 877 (643 SE2d 249) (2007).

[4] See *Burks v. United States*, 437 U. S. 1, 9-10 (98 SC 2141, 57 LE2d 1) (1978); *Jenkins v. State*, 259 Ga. App. 47, 49 (2) (576 SE2d 300) (2002).

[5] See OCGA § 40-6-391 (a) (5) (a person shall not operate a moving vehicle if he has an alcohol concentration of "0.08 grams or more at any time within three hours after such driving or being in actual physical control from alcohol consumed before such driving or being in actual physical control ended"); *Peters v. State*, 281 Ga. App. 385, 386-387 (1) (636 SE2d 97) (2006) (per se DUI conviction reversed where there was insufficient evidence that the defendant had an unlawful alcohol concentration level); *Abelson v. State*, 269 Ga. App. 596, 598 (1) (604 SE2d 647) (2004) (conviction for per se DUI reversed where State failed to prove an essential element of OCGA § 40-6-391 (a) (5)).

[6] (Citation and punctuation omitted.) *Brown v. Ohio*, 432 U. S. 161, 165 (97 SC 2221, 53 LE2d 187) (1977); see *Terrell v. State*, 276 Ga. 34, 39 (4) (a) (572 SE2d 595) (2002).

[7] (Punctuation omitted.) *Cash v. State*, 108 Ga. App. 656 (2) (134 SE2d 524) (1963). See also OCGA § 16-1-8 (subsequent prosecution for same crime barred where the accused was previously found not guilty or where there was a finding that the evidence did not support the verdict).

[8] See *State v. Heggs*, 252 Ga. App. 865 (558 SE2d 41) (2001).

[9] See *Jenkins*, supra.