## A07A1831. MAYNARD v. THE STATE.
(659 SE2d 831)

BARNES, Chief Judge.

Keith Maynard appeals from the denial of his motion to dismiss on double jeopardy grounds. For reasons that follow, we affirm.

Maynard was indicted in 2003 for statutory rape, child molestation, and two counts of aggravated child molestation relating to his alleged sexual relationship with a fifteen-year-old girl. A married police officer at the time, 31-year-old Maynard met the victim while working with a group of young people interested in law enforcement. According to the victim, she began spending time with Maynard and his family, and they eventually became involved sexually.

Following a trial, the jury found Maynard guilty of one count of aggravated child molestation and child molestation, but not guilty of the other aggravated child molestation charge and statutory rape. Maynard subsequently appealed his convictions for aggravated child molestation and child molestation. Although this Court found the evidence sufficient to sustain the convictions, we reversed based on two evidentiary errors. See *Maynard v. State,* 282 Ga. App. 598 (639 SE2d 389) (2006).

On remand, Maynard filed a plea of former jeopardy as to the child molestation charge. That count alleged that he committed child molestation by engaging in sexual intercourse with the victim. Noting that the jury had found him not guilty of statutory rape, he argued that double jeopardy barred the State from retrying him on any allegation involving sexual intercourse.[1] The trial court disagreed and denied his motion to dismiss. We find no error.

"The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." (Citation omitted.) *Jenkins v. State,* 259 Ga. App. 47, 49 (2) (576 SE2d 300)

---

[1] Maynard did not seek dismissal of the aggravated child molestation charge, which involved allegations of oral sodomy, rather than sexual intercourse.

(2002). Thus, a defendant may not be retried for an offense following a reversal based on insufficient evidence. Id. But if a reversal results from trial error, rather than evidentiary insufficiency, the defendant generally may be tried again. Id.

In Maynard's original appeal, we explicitly found the evidence sufficient to support the jury's verdict as to child molestation. See *Maynard*, supra, 282 Ga. App. at 599 (1). Nevertheless, Maynard argues that double jeopardy prohibits the State from retrying him for this offense.

1. Maynard contends that his conduct in allegedly engaging in sexual intercourse with the victim can only be charged as statutory rape, for which he has already been acquitted. We disagree.

A person commits statutory rape "when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse, provided that no conviction shall be had for this offense on the unsupported testimony of the victim." OCGA § 16-6-3 (a). In contrast, child molestation results when a person "does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a).

Undoubtedly, an adult who has sexual intercourse with a child falls within the parameters of the child molestation statute. See OCGA § 16-6-4 (a). Maynard argues, however, that because statutory rape specifically prohibits sexual intercourse with a minor, that offense prevails over the more general child molestation statute and must be used exclusively to prosecute the conduct. In essence, Maynard seeks to remove sexual intercourse from the type of conduct that can be prosecuted as child molestation. To support this claim, he points to our rules of statutory construction, particularly that a specific statute prevails over a general statute. See *Vines v. State*, 269 Ga. 438, 440 (499 SE2d 630) (1998) (sexually explicit telephone call to minor is insufficient "contact" to constitute child molestation).

The cardinal rule of statutory construction, however, "is to glean the intent of the legislature." (Citation and punctuation omitted.) *Goldberg v. State*, 282 Ga. 542, 544 (651 SE2d 667) (2007) (general recidivist sentencing provision supplements, rather than conflicts with, the specific recidivist provision relating to habitual burglars). And we find nothing in the statutory language that supports Maynard's argument. Neither statute at issue here specifically prohibits the State from prosecuting Maynard as a child molester. Simply put, the legislature has expressed no intention to place sexual intercourse exclusively within the statutory rape provision in cases such as this. Compare *Dixon v. State*, 278 Ga. 4, 5-6 (1) (a) (596 SE2d 147) (2004)

(because legislature determined that sexual conduct between teenagers constituted only misdemeanor statutory rape, State could not prosecute such conduct as felony child molestation).

2. Maynard also argues that allowing a retrial on child molestation would violate due process, given the legislature's "clear intention" to prosecute sexual intercourse only as statutory rape. As discussed above, however, we find no such intent in the applicable statutes.

To further support his due process argument, Maynard cites us to language in the statutory rape provision that exempts from prosecution sexual intercourse with a minor spouse. See OCGA § 16-6-3 (a). According to Maynard, if "the State is allowed to prosecute for child molestation the sexual intercourse with a minor under 16, the State would be able to prosecute a defendant even if the sexual relations were with his lawful spouse." Ultimately, he argues that we cannot construe the child molestation statute to include persons "not otherwise within [the] reach" of the criminal law.

As an initial matter, Maynard does not argue that he falls within the spousal exemption or point to any evidence that he and the victim were married. Moreover, to commit child molestation, a defendant must engage in an immoral and indecent act. See OCGA § 16-6-4 (a). We fail to see how private, consensual intercourse with one's lawful spouse could constitute an immoral or indecent act sufficient to sustain a child molestation conviction. Compare *Grimsley v. State*, 233 Ga. App. 781, 784 (1) (505 SE2d 522) (1998) (by engaging in intercourse in front of children, a married couple's "consenting sexual activity . . . was transformed from acceptable and protected marital conduct into an immoral and indecent act within the meaning of OCGA § 16-6-4 (a)"). Including sexual intercourse within the child molestation statute, therefore, will not criminalize conduct otherwise deemed lawful by the statutory rape provision.

3. Finally, Maynard argues that by finding him not guilty of statutory rape, the jury acquitted him of having sexual intercourse with the victim, precluding a retrial on this conduct. Again, we disagree.

It is axiomatic that double jeopardy "protects against a second prosecution for the same offense after acquittal." (Citation and punctuation omitted.) *State v. Lambert*, 276 Ga. App. 668, 669 (624 SE2d 174) (2005). A defendant's conduct, however, "may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution . . . under the other." (Punctuation and footnote omitted.) *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006). Such is the case here. Among other things, statutory rape demands corrobo-

ration of the victim's testimony, while child molestation does not. See OCGA § 16-6-3 (a); *Redman v. State*, 281 Ga. App. 605 (1) (636 SE2d 680) (2006). Child molestation, on the other hand, requires a finding that the conduct was undertaken to arouse or satisfy the sexual desires of the defendant or victim. OCGA § 16-6-4 (a). Given the differences between these offenses, the statutory rape acquittal does not prevent Maynard's prosecution for child molestation.

Furthermore, in acquitting Maynard of statutory rape, jurors did not necessarily conclude that no sexual intercourse occurred. They may have believed the victim's testimony regarding the relationship, but found insufficient corroboration to sustain a statutory rape conviction. Because corroboration is not required for child molestation, the jury logically could have found — and in fact did find — Maynard guilty of molesting the victim by having sex with her, despite its not guilty verdict on statutory rape. See *Lambert*, 276 Ga. App. at 671 (acquittal on felony murder charge does not necessarily mean that jury could not find defendant guilty of underlying felony); see also *Collins v. State*, 266 Ga. App. 871, 875 (2) (601 SE2d 111) (2004) ("A conviction on one count and acquittal on another related count may reflect a compromise or lenity by the jury rather than inconsistent factual conclusions, and Georgia courts generally will not look behind the jury's decision to convict on certain counts and acquit on other counts.") (footnote omitted).

Although the same conduct formed the basis for the statutory rape and child molestation charges, double jeopardy does not preclude the State from prosecuting Maynard on both.[2] Accordingly, the trial court properly denied Maynard's motion to dismiss. See *Shah v. State*, 288 Ga. App. 788, 788-789 (655 SE2d 347) (2007) (on appeal from the denial of double jeopardy motion, we must consider "whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion") (punctuation and footnote omitted).

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED MARCH 21, 2008.

*Christopher A. Townley*, for appellant.

---

[2] Given the posture of this case, and particularly the prior statutory rape acquittal, we need not consider whether a defendant under these facts could be convicted and sentenced for both statutory rape and child molestation. See, e.g., OCGA § 16-1-7 (a) (2) (an accused whose conduct constitutes more than one crime may be prosecuted for each crime, but may not be convicted of more than one if "[t]he crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct").

*Herbert E. Franklin, Jr., District Attorney, Christopher A. Arnt, Assistant District Attorney*, for appellee.