**FIRST DIVISION
ELLINGTON, C. J.,
PHIPPS, P. J., and DILLARD, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/**

**June 26, 2012**

# In the Court of Appeals of Georgia

A12A0053. BURKE v. THE STATE.

PHIPPS, Presiding Judge.

After a jury trial, Richie Burke was convicted of child molestation (Count 1), enticing a child for indecent purposes (Count 2), and criminal attempt to commit child molestation (Count 3). He appeals his convictions for child molestation and for enticing a child for indecent purposes, contending that he received ineffective assistance of counsel. And concerning his conviction for child molestation only, he challenges the sufficiency of the evidence. For the reasons that follow, we affirm.

At trial, C. H. testified that in late September to early October 2009, she was walking outside of her grandmother's house when Burke drove by and asked her for her name, phone number, and age. C. H. told Burke her name and that she was 15

years old. Burke took C. H.'s phone and dialed his number, thereby obtaining C. H.'s phone number.

A "couple [of] weeks" later, Burke called C. H. He told C. H. to "keep this between us" and that he wanted to see her. C. H. agreed, and they arranged to see each other at a park. The next morning, Burked picked up C. H. from school after she had gotten off the school bus, and he drove her to the park. C. H. testified that "we parked and we talked," and again, Burke told C. H. to "keep this between us." Burke gave C. H. $50 and told her that if she needed anything, to ask him. He then took C. H. back to school, in time for her second class.

Between late October and early November 2009, Burke called C. H. a "couple" of times. Burke told C. H. that he wanted to see her, and they arranged to see each other again at the same park. Once again, Burke picked up C. H. from school after she had gotten off the school bus, and he drove her to the park. They talked at the park for about an hour, and afterward Burke drove C. H. back to school.

Before C. H.'s school break for the Thanksgiving holidays, Burke called her again and told her that he wanted to see her. C. H. agreed, and Burke picked her up from school and took her to the park. They talked "for a little while." Burke then unbuttoned C. H.'s pants, unbuttoned his pants, pulled down C. H.'s pants, got on top

2

of C. H., and penetrated her sex organ with his. C. H. told Burke that "it didn't feel right," and Burke "looked funny for a minute, mad for a second, and he just got up and pulled his clothes back up and took [C. H.] back to school." They continued to communicate with each other by phone.

On Christmas Day, C. H. was at home with her family. After her mother and sister left the living room area, and other family members were out of sight, she invited Burke into the home. C. H. took Burke to her bedroom and locked the door. Burke hugged her and they spoke briefly until C. H. unlocked the door for her mother, who entered the room, looked in the closet, and found Burke squatting down inside. Burke ran away as C. H.'s mother called the police.

1. Burke contends that he received ineffective assistance of counsel because his trial attorney failed to file a demurrer to Counts 1 and 2 of the indictment, which he contends were defective because the state "impermissibly mixe[d] elements of rape with the charges of child molestation and enticing a child for indecent purposes."

> To establish ineffective assistance of counsel under *Strickland v. Washington*,[1] a criminal defendant must prove (1) that his trial counsel's performance was deficient, and (2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result

---

[1] 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

of the trial would have been different but for that deficiency. . . We will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* test unless clearly erroneous.[2]

(a) Count 1 of the indictment alleged that Burke did "an immoral and indecent act, to wit: penetrated with his penis the vagina of [C. H.], a child under 16 years of age, with intent to arouse the sexual desires of said accused. . . ."

OCGA § 16-6-4 (a) (1) provides: "A person commits the offense of child molestation when such person: (1) Does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."

Burke argues that the indictment's language alleging that he "penetrated with his penis the vagina" of C. H. are elements of rape and statutory rape that were impermissibly mixed into the charge of child molestation.

"The phrase 'any immoral or indecent act' in conjunction with the requisite element of the offense that the act be committed 'with the intent to arouse or satisfy the sexual desires of either the child or the person' is sufficiently definite. . . . Men

---

[2] *Kurtz v. State*, 287 Ga. App. 823, 825 (652 SE2d 858) (2007) (footnotes omitted).

4

of common intelligence would not differ as to the application of its provisions."[3] Although pursuant to OCGA § 16-6-1, rape requires penetration of the female sex organ by the male sex organ, and pursuant to OCGA § 16-6-3, statutory rape requires sexual intercourse,[4] Burke's argument implies that the act of sexual intercourse cannot sustain a conviction for child molestation. While sexual intercourse is not an element of child molestation,[5] undoubtedly, an adult's act of "sexual intercourse with a child falls within the parameters of the child molestation statute."[6] Indeed, nothing in the child molestation statute specifically prohibits the state from prosecuting Burke for child molestation because he engaged in sexual intercourse with C. H.[7]

Under these circumstances, any attempt by Burke's trial counsel to file a demurrer to Count 1 of the indictment would have been futile. "Failure to make a

---

[3] *McCord v. State*, 248 Ga. 765, 766 (285 SE2d 724) (1982) (citation and punctuation omitted).

[4] See OCGA §§ 16-6-1, 16-6-3.

[5] See *Ryan v. State*, 276 Ga. App. 87, 90 (3) (a) (622 SE2d 446) (2005) (noting that state was not required to show penetration or completion of sexual action to prove child molestation); *Wand v. State*, 230 Ga. App. 460, 461 (1) (496 SE2d 771) (1998).

[6] *Maynard v. State*, 290 Ga. App. 403, 404 (1) (659 SE2d 831) (2008); See OCGA § 16-6-4 (a) (1).

[7] *Maynard*, supra.

5

meritless or futile objection or motion cannot be evidence of ineffective assistance."[8] Accordingly, Burke's contention that he received ineffective assistance of trial counsel on this basis is without merit.

(b) Count 2 of the indictment alleged that Burke did "entice [C. H.], a child under 16 years of age, to a place, to wit: Central City Park formerly Bonner Park, for the purpose of child molestation in that said accused did an immoral and indecent act, to wit: penetrated said [C. H.]'s vagina with his penis. . . ."

OCGA § 16-6-5 (a) provides: "A person commits the offense of enticing a child for indecent purposes when he or she solicits, entices, or takes any child under the age of 16 years to any place whatsoever for the purpose of child molestation or indecent acts."

Burke argues that the indictment's language alleging that he "penetrated said [C. H.]'s vagina with his penis" includes elements of rape and statutory rape that were impermissibly mixed into the charge of enticing a child for indecent purposes. Given the facts of this case, the allegations of Count 2 of the indictment, and the statutory definition of enticing a child for indecent purposes, for the same reasons stated in

---

[8] *Hall v. State*, 292 Ga. App. 544, 553 (6) (a) (664 SE2d 882) (2008) (citation, punctuation, and footnote omitted).

Division (1) (a),[9] Burke has failed to carry his burden of showing that his trial counsel's performance was deficient for not filing a demurrer to Count 2 of the indictment.

2. Burke contends the evidence was insufficient to support his conviction for child molestation because there was no evidence that his actions were committed with the intent to arouse his sexual desires or the sexual desires of C. H.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[10] Conflicts in the testimony of the witnesses, including the [s]tate's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.[11]

---

[9] Supra.

[10] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[11] *Payne v. State*, 269 Ga. App. 662, 662-663 (605 SE2d 75) (2004) (citation and punctuation omitted).

7

"[W]hether the requisite intent for child molestation . . . existed was a question of fact, to be determined by the jury after considering all the circumstances surrounding the acts of which the accused is charged, including words, conduct, demeanor, and motive."[12] "Further, intent, which is a mental attitude, is commonly detectible only inferentially, and the law accommodates this."[13]

There was significant inferential evidence of Burke's intent to arouse his sexual desires or the sexual desires of C. H. Burke twice picked up 15-year-old C. H. from school and drove her to a park when C. H. was supposed to be at school; he gave her money, told her that if she needed anything to ask him, and repeatedly told C. H. to keep secret their communications and contact. After driving C. H. to the park a third time, Burke in fact had sexual intercourse with her there, and appeared upset after C. H. expressed discomfort. After his sexual encounter with C. H., Burke continued to contact her in secret, meeting her secretly at her home in her bedroom with the door locked, and then attempting to hide from C. H.'s mother. This evidence was sufficient to enable a jury to find that Burke acted with the intent to arouse or satisfy

---

[12] Id. at 664 (citations and punctuation omitted).

[13] *Reyes-Vera v. State*, 313 Ga. App. 467, 469 (722 SE2d 95) (2011) (footnotes and punctuation omitted).

8

his own or C. H.'s sexual desires and that he was guilty beyond a reasonable doubt of child molestation.[14]

*Judgment affirmed. Ellington, C. J., and Dillard, J., concur.*

---

[14] See *Branam v. State*, 204 Ga. App. 205, 206 (1) (419 SE2d 86) (1992).