296 Ga. 753
FINAL COPY

S14A1352. HILL v. WILLIAMS.

BLACKWELL, Justice.

In October 1998, Torrey Hill was tried by a Houston County jury upon an indictment that charged Hill with several crimes, including the forcible rape of A. G., who was fourteen years of age at the time of the alleged crimes. Although the indictment did not expressly charge Hill with the statutory rape of A. G., the trial court instructed the jury — at the request of the State, and over Hill's objection — that it could find Hill guilty of statutory rape as a lesser offense included in the crime of the forcible rape of A. G. The jury did just that, finding Hill not guilty of forcible rape, but guilty of the statutory rape of A. G., as well as a number of other crimes. Hill appealed, and he argued, among other things, that statutory rape is not included in forcible rape and that the trial court, therefore, erred when it instructed the jury about statutory rape as a lesser included offense. In Hill v. State, 295 Ga. App. 360 (671 SE2d 853) (2008), the Court of Appeals affirmed his convictions, reasoning that statutory rape sometimes may be included in forcible rape as a matter of fact, even if it is not always so included as a matter of law. See 295 Ga. App. at 363-364 (2).

Four years later, in <u>Stuart v. State</u>, 318 Ga. App. 839 (734 SE2d 814) (2012), the Court of Appeals reconsidered and decided that statutory rape is never included in forcible rape, overruling <u>Hill</u> as a precedent along the way. See 318 Ga. App. at 841-842. Within a few weeks of the decision in <u>Stuart</u>, Hill filed a pro se petition for a writ of habeas corpus, and in the habeas proceedings that followed, Hill claimed that his conviction for the statutory rape of A. G. not only reflected a misapplication of the state statutory law concerning the extent to which one crime is included in another, but also worked a denial of the due process to which he was entitled as a matter of constitutional law. In support of this claim, Hill argued that he was deprived at the time of his trial of fair notice that he could be convicted of the statutory rape of A. G. because his indictment did not expressly charge him with that crime and — as shown by <u>Stuart</u> — the statutory rape could not be included in the forcible rape of A. G. with which he was expressly charged. Hill further argued that he was prejudiced as a result, being unable to adjust his defense to meet a charge of which he had no notice.

The habeas court denied the petition, and Hill appeals. For the reasons that follow, we affirm.[1]

To begin, we note that Hill was right to frame the issue in habeas as a constitutional one, given that the writ of habeas corpus is available to remedy an error in a court of conviction only to the extent that the error worked a substantial denial of a constitutional right. OCGA § 9-14-42 (a). See also Bruce v. Smith, 274 Ga. 432, 435 (3) (553 SE2d 808) (2001) ("Our state habeas corpus statute provides relief only for a substantial denial of constitutional rights under the United States Constitution or the Georgia Constitution.") (citations omitted). Without more, a claim that a court of conviction misapplied the statutory or common law of Georgia does not warrant habeas relief. See Parker v. Abernathy, 253 Ga. 673, 674 (324 SE2d 191) (1985). As such, framing the issue as a constitutional one was essential for Hill to state a claim cognizable in habeas.

As necessary as it may have been, however, framing the issue as Hill has framed it has important implications for the nature and scope of our review. In

_____

[1] Following the denial of his petition for a writ of habeas corpus, Hill timely filed a notice of appeal and application for a certificate of probable cause. See OCGA § 9-14-52. We granted that application, and this appeal followed.

their briefs, Hill and the Warden argue about whether <u>Stuart</u> ought to be applied retroactively in this habeas proceeding. That is an interesting question, we suppose, but answering it is not essential to deciding this case. Indeed, for the purposes of this case, we will accept that <u>Hill</u> was decided incorrectly, that <u>Stuart</u> was right to overrule <u>Hill</u>, that statutory rape is never an offense included in forcible rape, see <u>Mangrum v. State</u>, 285 Ga. 676, 680 (5) (681 SE2d 130) (2009), and that the court in which Hill was convicted was wrong to instruct the jury to the contrary.[2] Even accepting these things, they show only a misapplication of the statutory law concerning lesser included offenses. They fail to make out the constitutional claim that Hill has pressed in these habeas proceedings.

In the first place, there was far more to Hill's indictment than the charge of forcible rape. The indictment expressly charged Hill with nine crimes, four of which were sex crimes against A. G., all alleged to have been committed on the same dates. In pertinent part, the indictment alleged:

---

[2] <u>Stuart</u> relied in part on our decision in <u>Drinkard v. Walker</u>, 281 Ga. 211 (636 SE2d 530) (2006), and the Warden urges us to overrule <u>Stuart</u>, arguing that <u>Drinkard</u> should be limited to the merger context. We decline to take up that question today, however, as it is not necessary to resolve this appeal.

## COUNT I
## RAPE

[T]he said accused, in the State of Georgia and County of Houston, on or about between [sic] July 15, 1998, and July 18, 1998, did willfully and intentionally have carnal knowledge of a female, A. G., forcibly and against her will, contrary to the laws of said State, the good order, peace and dignity thereof.

## COUNT II
## AGGRAVATED CHILD MOLESTATION

[T]he said accused, in the State of Georgia and County of Houston, on or about between [sic] July 15, 1998, and July 18, 1998, did willfully and intentionally perform an immoral or indecent act to, or in the presence of, or with A. G., a child under the age of sixteen (16) years, with the intent to arouse or satisfy the sexual desires of either the child or the accused, which act physically injured the victim or involved an act of sodomy, contrary to the laws of said State, the good order, peace and dignity thereof.

## COUNT III
## CHILD MOLESTATION

[T]he said accused, in the State of Georgia and County of Houston, on or about between [sic] July 15, 1998, and July 18, 1998, did willfully and intentionally perform an immoral or indecent act to, or in the presence of, or with A. G., a child under the age of sixteen (16) years, with the intent to arouse or satisfy the sexual desires of either the child or the accused, contrary to the laws of said State, the good order, peace and dignity thereof.

. . .

## COUNT V
## ENTICING A CHILD FOR INDECENT PURPOSES

  [T]he said accused, in the State of Georgia and County of Houston, on or about between [sic] July 15, 1998, and July 18, 1998, did solicit, entice or take A. G., a child under 16 years of age, to a place, to wit: the bedroom of the residence [at a certain address], for the purpose of child molestation or engaging in an indecent act, to wit: fondling the chest and butt areas of said child, inserting his finger into her vagina, and for sexual intercourse with said child, contrary to the laws of said State, the good order, peace and dignity thereof.

Under Georgia law, "[a] person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse[.]" OCGA § 16-6-3 (a). Reading the indictment upon which Hill was tried as a whole, we find each element of the statutory rape of A. G. alleged, either expressly or by necessary implication. The indictment explicitly alleged in Count I that Hill had "carnal knowledge of" — that is, sexual intercourse with — A. G. The indictment expressly alleged in Counts II, III, and V that A. G. was less than sixteen years of age. And the indictment alleged by necessary implication in Count V that A. G. and Hill were not married to one another.[3] The facts essential to proving that Hill committed the

---

[3] By its allegation that "sexual intercourse" between Hill and A. G. in a bedroom of a private residence would amount to "child molestation or . . . an indecent act," Count V

statutory rape of A. G. are alleged in the indictment, even if those allegations are scattered across several counts. Cf. McCrary v. State, 252 Ga. 521, 524 (314 SE2d 662) (1984) (endorsing approach that examines multiple counts of an indictment together, noting that "a defendant indicted in two counts, one for the malice murder of the deceased and the other for the armed robbery of the deceased at the same time, is on notice that he may be found guilty of the felony murder of the deceased, armed robbery being the felony").

Moreover, even accepting that statutory rape is an offense that never can be included in forcible rape, it may be included as a matter of fact in two of the other crimes with which Hill was expressly charged. In Counts II and III, Hill was charged with the aggravated child molestation and child molestation of A. G. That the accused did an "immoral or indecent act to or in the presence of or with any child under the age of 16 years" are essential elements of child molestation, OCGA § 16-6-4 (a) (1), and aggravated child molestation, OCGA

---

necessarily implied that Hill and A. G. were not married. Cf. Maynard v. State, 290 Ga. App. 403, 405 (2) (659 SE2d 831) (2008) ("We fail to see how private, consensual intercourse with one's lawful spouse could constitute an immoral or indecent act sufficient to sustain a child molestation conviction.").

§ 16-6-4 (c).[4] Proof that an adult had sexual intercourse with a child less than sixteen years of age to whom he was not married is sufficient to show these elements of child molestation and aggravated child molestation. See, e.g., <u>Burke v. State</u>, 316 Ga. App. 386, 388 (1) (a) (729 SE2d 531) (2012) ("[U]ndoubtedly, an adult's act of sexual intercourse with a child falls within the parameters of the child molestation statute." (Citation and punctuation omitted)); <u>Maynard v. State</u>, 290 Ga. App. 403, 404 (1) (659 SE2d 831) (2008) (same). More important, the idea that statutory rape was included as a matter of fact in the crime of child molestation to the extent that the child molestation was premised on sexual intercourse with a child under the age of sixteen was settled by the time Hill was tried. See <u>Andrews v. State</u>, 200 Ga. App. 47, 47-48 (1) (406 SE2d 801) (1991) (holding that statutory rape was included as a matter of fact in aggravated child molestation where both crimes were premised on "a single act of sexual intercourse with the five-year-old victim"). See also <u>Reynolds v. State</u>, 257 Ga. 725, 725 (363 SE2d 249) (1988) (referring to "numerous acts of

---

[4] In addition to these elements, both crimes require that the accused did the "immoral or indecent act" "with the intent to arouse or satisfy the sexual desires of either the child or the [accused]." OCGA § 16-6-4 (a) (1). Aggravated child molestation further requires that the "immoral or indecent act" "physically injures the child or involves an act of sodomy." OCGA § 16-6-4 (c).

child molestation . . . including sexual intercourse"); Patterson v. State, 233 Ga. App. 776, 776 (1) (505 SE2d 518) (1998) (proof of sexual intercourse with fourteen-year-old child was sufficient to sustain convictions for *both* statutory rape and child molestation); Wallace v. State, 228 Ga. App. 686, 687 (1) (492 SE2d 595) (1997) (proof of sexual intercourse with twelve-year-old child was sufficient to sustain convictions for *both* statutory rape and child molestation). The indictment of Hill did not specify that the "immoral or indecent acts" that formed the predicates for the charges of aggravated child molestation and child molestation were anything other than sexual intercourse with A. G., and so, Counts II and III allowed for statutory rape as a lesser included offense as a matter of fact.

In his brief to this Court, Hill focuses exclusively upon the count of the indictment charging Hill with the forcible rape of A. G., noting that it says nothing about her age, and relying on Stuart for the proposition that statutory rape is not included in forcible rape in any event. We do not dispute those points, but the question here is not whether that particular count of the indictment gave Hill notice of statutory rape, but rather, whether the indictment as a whole did so. As this Court has explained, due process requires that an

indictment "put the defendant on notice of the crimes with which he is charged and against which he must defend." McCrary, 252 Ga. at 524. And we have said that, under Georgia law,

> [a] defendant is on notice of the crime charged (named) in the indictment or accusation and (1) lesser crimes which are included in the crime charged as a matter of law . . . and (2) other lesser crimes which are shown by the facts alleged to show how the crime charged was committed.

Id. (citation omitted). See also Lewis v. State, 283 Ga. 191, 196 (6) (657 SE2d 854) (2008) ("A defendant is held to have notice of all crimes charged in the indictment, as well as lesser crimes shown by the facts alleged therein." (Citation omitted)). Moreover, as we noted earlier, by the time Hill was tried, this Court had endorsed an approach that looked for constitutional notice purposes to the allegations of the indictment as a whole, without drawing lines between the allegations of particular counts. See McCrary, 252 Ga. at 524. See also Rumble v. Smith, 905 F2d 176, 179 (II) (A) (8th Cir. 1990) (where settled state law at the time of trial permitted felony murder to be charged as a lesser included offense of capital murder, indictment for capital murder was sufficient to put habeas petitioner on notice of felony murder charge, notwithstanding that state supreme court later overturned that settled state law). That the facts

10

essential to the statutory rape of A. G. are alleged in the indictment, and that the statutory rape properly could be included in two counts of the indictment as a matter of fact, show that the indictment afforded Hill constitutionally adequate notice that he could be convicted at trial of the statutory rape of A. G.

Nevertheless, we need not hang our decision on adequate notice alone. To prevail on a claim that the indictment failed to give adequate notice and thereby worked a substantial denial of due process, Hill was required as well to show prejudice. See Russell v. United States, 369 U. S. 749, 763 (82 SCt 1038, 8 LE2d 240) (1962) ("Convictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused.") (citation omitted). See also Givens v. State, 149 Ga. App. 83, 86 (253 SE2d 447) (1979) (variance between indictment and proof is fatal when it "misinformed or misled the defendant to his prejudice or leaves him subject to subsequent prosecution for the same offense") (citation omitted); Williams v. Haviland, 467 F3d 527, 535 (II) (D) (6th Cir. 2006) ("A constitutionally deficient indictment is subject to harmless-error review."); Rumble, 905 F2d at 179 (noting that "Rumble was in no way prejudiced by the giving of the instruction on [felony] murder" in rejecting claim that indictment failed to give constitutionally adequate notice of

11

that charge). Hill claims that he sustained prejudice in the form of an impairment of his defense. The record, however, does not support that claim.

According to his brief,

Torrey Hill came to trial prepared to defend himself on the [forcible rape] count by demonstrating lack of proof beyond a reasonable doubt that he engaged in intercourse with the victim with force and against her will. However, the trial court shattered those expectations by charging on the offense of statutory rape. At that point, the jury was authorized to convict Mr. Hill even if the contact was neither forcible nor against the victim's will as long as she was under the age of consent.

That may well have been a potential defense strategy as against the charge of forcible rape alone, but it was not Hill's actual defense at trial. Hill was, in the same trial, defending against charges of the aggravated child molestation of A. G., the child molestation of A. G., and enticing A. G. for indecent purposes (including sexual intercourse). None of those latter charges requires proof of force, and under settled law at the time of his trial, Hill conceding unforced sexual intercourse with A. G. would have authorized the jury to convict him of child molestation.[5] See Andrews, 200 Ga. App. at 47-48 (1). For that reason, a

_____

[5] Because Hill was twenty years of age at the time of the crimes alleged in the indictment, he faced a penalty for child molestation that was equal to or greater than the penalty for statutory rape. See OCGA § 16-6-3 (b) (where person who is under the age of 21 is convicted of statutory rape, he shall be punished by imprisonment for between one and 20

mere lack-of-force defense would have been no defense to the other serious charges in the indictment. As the record of the court of conviction clearly reflects, the principal line of defense urged by Hill at trial was that he did not have sexual relations of any kind with A. G. — forced or unforced — and her account to the contrary was fabricated and belied by the absence of corroborating physical evidence.[6] Had the jury accepted that defense, it would have been effective against all of the crimes with which Hill was expressly charged and the statutory rape of which he was convicted, and Hill fails to point to anything different that his lawyer could, would, or should have done to meet the statutory rape charge. See Chandler v. Moscicki, 253 FSupp.2d 478, 488 (III) (W.D.N.Y. 2003) ("While Chandler asserts that the accessory liability

_____

years); OCGA § 16-6-4 (b) (where person who is over the age of 18 is convicted of a first offense of child molestation, he shall be punished by imprisonment for between five and 20 years). And Hill was, in fact, sentenced to identical (and concurrent) sentences for the statutory rape and child molestation of A. G.

[6] Hill argued at trial that A. G. had a motive for fabricating claims of sexual contact with him, he suggested that A. G. and her friend made up the accusations after spending the day together at an amusement park, he pointed out that A. G. and her friend did not report the sexual contact until several days after it allegedly occurred and that there were inconsistencies in their claims, and he asserted that his DNA or seminal fluid would have been found in A. G.'s unwashed underwear if he had unprotected sexual intercourse with her as she alleged (regardless of whether the intercourse was with or without force). The jury obviously rejected Hill's defense, as it was authorized to do.

charge interfered with his defense because of unfair surprise, he does not state how his defense would have differed if he was given the prior formal notice of accomplice liability he claims should have been provided."). Consequently, he has failed to show any prejudice sufficient to make out his claim in habeas of a substantial denial of due process.

Judgment affirmed. All the Justices concur, except Hunstein, J., who concurs in judgment only.

Decided March 27, 2015.

Habeas corpus. Tattnall Superior Court. Before Judge Stewart.

Sarah L. Gerwig-Moore, Miller & Key, J. Scott Key, McKenna, Long & Aldridge, Leah M. Singleton, for appellant.

Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General, for appellee.