**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 14, 2018**

# In the Court of Appeals of Georgia

A18A0479. VENTURA v. THE STATE.

BARNES, Presiding Judge.

Jorge Ventura was convicted by a Cobb County jury of two counts of child molestation and one count of enticing a child for indecent purposes. Thereafter, Ventura filed a motion and amended motion for new trial, which the trial court denied. On appeal, Ventura contends that the prosecutor should have been disqualified because of a conflict of interest, the trial court erred by failing to permit questions about witness bias or motive, trial counsel was ineffective, and that he did not have proper notice that he might be charged with the lesser included offense of child molestation. Upon our review and consideration of Ventura's alleged errors, we affirm.

1. Ventura does not challenge the sufficiency of the evidence, however, construed in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows that after Ventura met the victim on Facebook, he visited her at her home, forced the 13-year-old victim into her bedroom, locked the door, pulled down her pants, and inserted his finger into her vagina and fondled her breasts. This evidence was sufficient for a rational trier of fact to find Ventura guilty of the crimes charged beyond a reasonable doubt. See *Castaneda v. State*, 315 Ga. App. 723 (1) (727 SE2d 543) (2012).

2. Ventura contends that the prosecutor had a conflict of interest and should have been disqualified because her husband had previously represented him in an unrelated felony case in Cobb County. He contends that during his representation the prosecutor's husband learned confidential information about him which he "may have unwittingly shared" with the prosecutor. Further, according to Ventura, the same rules of professional conduct which prohibit partner and associates at a disqualified attorney's law firm from accepting employment, should be employed in this circumstance. In denying Ventura's motion for new trial on this ground and ascertaining no conflict of interest, the trial court found that nothing in the Georgia

Rules of professional conduct prohibit a prosecutor from prosecuting the former client of his or her spouse. We agree.

During the preliminary hearing before trial, the prosecutor disclosed that her husband had previously represented Ventura in a 2010 conviction for terroristic threats. And that, in the event Ventura elected to testify, "the State could be tendering that certified conviction against Ventura." Ventura's attorney responded that he did not see "any conflict . . . [with] the mere fact that [the prosecutor's] husband stood beside [Ventura] when he entered a plea." Ventura acknowledged that he was aware of the relationship, but responded when asked if he was satisfied that there was no conflict,

> you're husband and wife. I mean, you talk to each other every day and every night . . . Hey, guess what. I got your – the one you represented for terroristic threat, he pleading guilty or whatever, I'm going to take him to trial. So to be honest with you I don't know, to be honest with you.

Thereafter, the trial court found that it "was satisfied that here's no significant conflict, or no conflict with respect to proceeding with this case based upon that sole fact. And particularly the fact that . . . it was something you were able to discuss at some time prior to the time of trial."

3

In liberally construing the prosecutor's disclosure and Ventura's response as a motion to disqualify,

> [w]e apply an abuse of discretion standard when reviewing a trial court's ruling on a motion to disqualify a prosecutor. See *Head v. State* [253 Ga. App. 757, 758 (2) (560 SE2d 536) (2002)] (abuse of discretion standard applies to rulings on motion to disqualify). Such an exercise of discretion is based on the trial court's findings of fact which we must sustain if there is any evidence to support them.

*Whitworth v. State*, 275 Ga. App. 790, 791 (1) (622 SE2d 21) (2005).

> There are two generally recognized grounds for disqualification of a prosecuting attorney. The first such ground is based on a conflict of interest, and the second ground has been described as "forensic misconduct." For example a conflict of interest has been held to arise where the prosecutor previously has represented the defendant with respect to the offense charged, or has consulted with the defendant in a professional capacity with regard thereto; such conflict also has been held to arise where the prosecutor has acquired a personal interest or stake in the defendant's conviction. In applying these standards, the reversal of a conviction due to such a conflict of interest requires more than a theoretical or speculative conflict. An actual conflict of interest must be involved.

(Citations and punctuation omitted.) Id. 793 (1) (b).

Ventrura's assertion that the prosecutor's marriage to an attorney that represented him in an unrelated plea three years earlier might result in the prosecutor gaining confidential information in the prosecution of an unrelated case, amounts to the type of status disqualification that the Georgia Supreme Court rejected in *Blumenfeld v. Borenstein*, 247 Ga. 406 (276 SE2d 607) (1981). There, the Court refused to assume a per se rule of disqualification on the sole ground of a marital relationship between the attorneys. Id. at 410. The Court held where, as is the case here, "the appearance of impropriety [is] based not on conduct but on status alone. This is an insufficient ground for disqualification." Id. As the Court reasoned, "[w]hile we cannot disagree with the proposition that the marital relationship may be the most intimate relationship of a person's life, it does not follow that professional people allow this intimacy to interfere with professional obligations." Id. at 408. See *Jones v. Jones*, 258 Ga. 353, 354 (369 SE2d 478) (1988) ("We have found no authority, and none has been cited to us, for the proposition that married lawyers who are involved in *active litigation* on opposing sides of a case must be disqualified.").

Here, we cannot say that the trial court abused its discretion in denying Ventura's motion for new trial on this basis.

2. Ventura also contends that the trial court erred by refusing to permit him to question the victim and her parents about the "U Visa," and that trial counsel was ineffective for failing to ask the victim whether she was eligible for a U visa. He asserts that whether the victim or her family were illegally in the United States was relevant to show motive for testifying or bias against the appellant. We find no reversible error.

> Even if we assume that the trial court should have allowed defense counsel to cross-examine the victims about their immigration status and any subjective belief they might have had that testifying for the state might somehow have benefitted them, [Ventura] must still show harm as well as error to prevail on appeal. Under the standards set out by the Supreme Court of Georgia, the "highly probable" test makes affirmance conditional on high probability that error did not affect the judgment. The test compels a judge to go beyond the appearances of the result to an examination of what causal links there may be between error and the judgment. We find it highly probable that the outcome of [Ventura's] trial would not have been different had his counsel been allowed to cross-examine the victims in this area. The evidence against [Ventura] was overwhelming, there had been no discussions between the state and the victims about assistance with their immigration status, and there were no pending immigration proceedings against the victim[] [or her parents].

6

(Citations and punctuation omitted.) *Lemons v. State*, 270 Ga. App. 743, 749-750 (4) (608 SE2d 15) (2004). See *Lucas v. State*, 303 Ga. 134, 139 (2) (810 SE2d 491) (2018) ("Lucas was not prevented from asking, for example, whether A. L. hoped to receive any benefit as a result of his testimony. Only his immigration status was off-limits.")

Likewise, for this same reason, trial counsel was not ineffective for failing to question the parents more extensively about their immigration status. To prevail on an ineffectiveness claim, Ventura "must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different." *Myers v. State*, 275 Ga. 709, 713 (4) (572 SE2d 606) (2002). Moreover, "[t]he likelihood of a different result must be substantial, not just conceivable." (Citation omitted.) *Hill v. State*, 291 Ga. 160, 164 (4) (728 SE2d 225) (2012). Further, if Ventura fails to meet his burden of proving either prong of the test, the reviewing court does not have to examine the other prong. *Cuzzort v. State*, 307 Ga. App. 52, 55 (2) (703 SE2d 713) (2010).

Ventura claims that he was prejudiced because establishing whether the victim and her parents were in the United States illegally was relevant to establish motive

7

that "the child or her parents could obtain certain U. S. immigration benefits by claiming to be the victim of a qualifying crime." However, he does not say what immigration benefits undocumented victims of child molestation are entitled to. Moreover, it is more likely that, if indeed, they were undocumented, they would be less inclined to seek police involvement for fear of discovery. See *Leopold v. State*, 324 Ga. App. 550, 556 (1) (c) (751 SE2d 184) (2013) (appellant failed to meet his burden of showing ineffective assistance when he failed to present any additional evidence to show evidence of deportation risk should have been discovered and used during cross-examination). Thus, this claim of ineffectiveness fails.

3. Ventura also claims that certain testimony was hearsay and argues that either the trial court erred in admitting the testimony, or that trial counsel was ineffective for failing to object. Ventura complains that testimony from the victim's aunt about what the victim and the victim's mother told her was prejudicial hearsay. See OCGA § 24-8-801 (c) ("'Hearsay' means a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.")[1] However, this testimony was cumulative of the victim and the

---

[1] Ventura was tried in 2014, therefore, the new Evidence Code applied to his trial. See Ga. L. 2011, p. 99, § 101 ("This Act shall become effective on January 1, 2013, and shall apply to any motion made or hearing or trial commenced on or after

8

victim's mother's admissible statements made during direct and cross-examination. See *Brown v. State*, 288 Ga. 404, 408 (3) (703 SE2d 624) (2010) (admission of hearsay was harmless error because hearsay was cumulative of other admissible evidence). Moreover, pursuant to OCGA § 24-8-820 the State provided Ventura with notice of its intent to introduce evidence of child hearsay statements, and thus the aunt's testimony about what the victim told her was admissible as child hearsay.[2]

For these same reasons, Ventura's ineffectiveness claim as to this testimony also fails. See *Cuzzort*, 307 Ga. App. at 55 (2).

---

such date.")

[2] The Child Hearsay Statute, OCGA § 24-8-820, provides:
A statement made by a child younger than 16 years of age describing any act of sexual contact or physical abuse performed with or on such child by another or with or on another in the presence of such child shall be admissible in evidence by the testimony of the person to whom made if the proponent of such statement provides notice to the adverse party prior to trial of the intention to use such out-of-court statement and such child testifies at the trial, unless the adverse party forfeits or waives such child's testimony as provided in this title, and, at the time of the testimony regarding the out-of-court statements, the person to whom the child made such statement is subject to cross-examination regarding the out-of-court statements.

9

4. Although Count 1 of the indictment charged Ventura with aggravated sexual battery, he was convicted of the lesser included offense of child molestation. Ventura contends that he did not have notice prior to trial that he could be convicted of the lesser included offense of sexual molestation.

Count 1 of the indictment, aggravated sexual battery, charged that Ventura "did intentionally penetrate the sex organ, to wit: vagina, of [the victim] with a foreign object, to wit: his finger, without the consent of said person." During the charge conference, Ventura requested a jury charge on sexual battery as a lesser included offense to Count 1, aggravated sexual battery. The State requested that the jury also be charged on child molestation as an additional lesser-included offense to aggravated sexual battery. Ventura did not object, nor did he object when the trial court later requested that the attorneys review the revised verdict form, which included both lesser included offenses. The trial court gave both charges, and Ventura did not object at the conclusion of the jury charge.

We note that Ventura does not appear to challenge the giving of the charge on the lesser included offense of child molestation, which, given his failure to object, would require this Court to review the jury charge for plain error. See OCGA § 17-8-58 (b) (failure to object regarding a jury instruction at trial precludes appellate review

10

unless "the jury charge constitutes plain error which affects substantial rights of the parties."). Nor does he appear to contend that child molestation charge was not a lesser included offense of aggravated sexual battery. Ventura's challenge only appears to be that the indictment did not provide him with notice that, as to Count 1, aggravated sexual battery, he could also, alternatively, be charged with the lesser included offense of child molestation.

Contrary to Ventura's contention, "under Georgia law, a defendant is on notice of the crime charged (named) in the indictment or accusation and (1) lesser crimes which are included in the crime charged as a matter of law and (2) other lesser crimes which are shown by the facts alleged to show how the crime charged was committed."(Citations and punctuation omitted.) *Hill v. Williams*, 296 Ga. 753, 758 (770 SE2d 800) (2015). See *Messick v. State*, 209 Ga. App. 459, 460 (1) (433 SE2d 595) (1993) (This Court rejected appellant's contention that even if terroristic threats is an included offense of aggravated assault with a deadly weapon, the indictment failed to notify appellant that he could be convicted of terroristic threats.) See OCGA § 16-1-6.[3] "Moreover, "[t]o prevail on a claim that the indictment failed to give

---

[3]        An accused may be convicted of a crime included in a crime charged in the indictment or accusation. A crime is

11

adequate notice and thereby worked a substantial denial of due process, [Ventura] was required . . . to show prejudice." *Hill*, 296 Ga. at 758-759. This he has not done. In fact, Ventura does not assert that the purported lack of notice had a prejudicial impact on the outcome of the trial.

Accordingly, this enumeration fails.

*Judgment affirmed. McMillian and Reese, JJ., concur.*

---

so included when: (1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.